IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE. RANDOLPH           *
          Plaintiff,
   v.                                             *   CIVIL ACTION NO. JFM-12-1466

MARYLAND ATTORNEY GENERAL, et al. *
          Defendants..
                                    ***

MEMORANDUM

The above-captioned case, construed as a 42 U.S.C. § 1983 civil rights action, was received for filing on May 15, 2012, from Catherine Randolph ("Randolph"), a recently released patient at the Clifton T. Perkins State Hospital Center ("Perkins"). Because she appears indigent, Randolph's motion for leave to proceed *in forma pauperis* IS GRANTED. For reasons to follow, however, the complaint IS DISMISSED WITHOUT PREJUDICE.

Randolph complains that she was held in "pre-trial detention" status for six years when there was no evidence to convict her. Randolph seeks expungement of criminal cases that were dismissed in March 2012. (ECF No. 1). She claims that the state judiciary system is at fault and she seeks compensation for personal damages in the amount of three billion dollars. Named as defendants are the Maryland Attorney General Douglas Gansler and Deputy Solicitor General William Brockman.

The aforementioned allegations were previously raised, reviewed and ruled upon by the Court in *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.), *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-11-688 (D. Md.), and *Randolph v. Warden*, Civil Action No. JFM-12-1010 (D. Md.). Randolph filed these petitions for habeas corpus relief which challenged her criminal case process, competency hearings, and continued detention at Perkins. After full briefing, the court dismissed the petitions without prejudice. The following facts were established. On January 17, 2006, Randolph was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. On

March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation. Randolph was admitted to Perkins for a competency evaluation on June 2, 2008. She refused, however, to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts. *See Randolph v. Warden*, Civil Action No. JFM-12-1010 (D. Md.). On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin to opine that Randolph was incompetent to stand trial, a danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment. On July 25, 2008, the Circuit Court for Baltimore City found Randolph incompetent to stand trial and dangerous because of her mental disorder. She was committed to the Department of Health and Mental Hygiene ("DHMH"). On May 22, 2009, Perkins forwarded to the Circuit Court the semi-annual report required under Maryland Code Ann., Crim. Proc. § 3-108, which found Randolph incompetent to stand trial and a danger because of her mental disorder. Six months later, Perkins issued another report with similar findings. *Id*.

On July 28, 2009, the Circuit Court for Baltimore City held the annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(C)(I)(i), Randolph was again found incompetent to stand trial and committed to Perkins. On December 18, 2009, and June 10, 2010, Perkins again submitted semi-annual reports finding Randolph incompetent to stand trial and dangerous due to mental disorder. *Id*. On July 28, 2010, the Circuit Court conducted a hearing and again found Randolph incompetent to stand trial. She was again committed to the DHMH. On December 7, 2010, Perkins forwarded its semi-annual report to the Circuit Court, once more finding Randolph incompetent to stand trial and a danger due to her mental disorder. According to the state court docket, on July 28, 2011, Randolph received her annual hearing before Judge Raisin.[1] Further, on March 7, 2012,

---

[1] *See* ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.

Judge Raisin conducted another hearing which found that Randolph was no longer incompetent to stand trial.  The criminal cases were reactivated and closed/dismissed that same date.  *See Randolph v. Warden*, Civil Action No. JFM-12-1010 (D. Md.).

Maryland law authorizes the commitment of one who has been adjudicated incompetent to stand trial and a danger to oneself or others due to mental disorders.  Randolph met this criteria and received the semi-annual review by DHMH personnel and annual review by the Circuit Court. The Circuit Court's March 7, 2012 rulings found her no longer incompetent and decided to close the criminal cases.  Randolph offers no new clear justiciable reasons why the Court should take review over this case which solely names the Maryland Attorney General and a deputy solicitor general as defendants   There is no allegation that they were personally involved in her arrest, prosecution or detention.  Further, to the extent these individuals are named due to their alleged general prosecutorial functions, they are immune from damage liability for deciding whether to initiate criminal prosecution.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Springmen v. Williams*, 122 F. 3d 211. 212-13 (4th Cir. 1997).  A separate Order follows, dismissing this case without prejudice.


Date:     May 24, 2012                              /s/
                                                    J. Frederick Motz
                                                    United States District Judge